UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JGB Enterprises, Inc.<br><br>　　　　　　Plaintiff,<br>v.<br><br>Beta Fluid Systems Inc., BFSNC, Inc. and<br>Beta Fueling Systems, LLC,<br><br>　　　　　　Defendants. | Case No: 5:14-CV-1439 (LEK/ATB)<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, JGB Enterprises, Inc. ("JGB"), by and through its attorneys, Raymond M. Schlather and Schlather, Stumbar, Parks & Salk, LLP., hereby Complains against Beta Fluid Systems, Inc. ("Beta"), BFSNC, Inc. ("BFSNC") and Beta Fueling Systems, LLC ("Beta LLC") as follows:

### Summary

1.　On February 18, 2011, the United States Marine Corps Systems Command ("Corps") issued a solicitation seeking proposals for a fuel and water system, along with individual component parts. This solicitation was a 100% small business set-aside; the contract award was limited to small businesses only. The Government would make a contract award based upon a "best value" determination by evaluating past performance, technical capabilities,

1

and price. In part, the solicitation required bidders to supply past performance information with respect to subcontractors who would be supplying product.

2. JGB solicited price and past performance information from Beta for parts solicited by the Government. In response, Beta supplied JGB with past performance information, which included contracts that were awarded to it as a small business. Beta had also represented in Government databases that it was a small business. JGB relied on these representations and information provided by Beta, and included the same in its contract proposal. Accordingly, JGB was awarded a contract that would result in up to $99,000,000.00 in potential orders. Along with the contract award, JGB was also issued orders in the amount of $47,179,117.00. JGB immediately went to work on the subject contract.

3. Another contractor protested the award, contesting Beta's representations that it was a small business. As a result, the Corps reduced the amount of the orders, and the United States Court of Federal Claims ("COFC") directed a cancellation of JGB's contract, resulting in significant losses to JGB.

## Parties and Jurisdiction

4. At all times relevant hereto, Plaintiff JGB was, and still is, a corporation formed and existing under the laws of New York, with a principal place of business located at 115 Metropolitan Park Drive, Liverpool, NY 13088. JGB is authorized to do business in New York.

5. At all times relevant hereto, Defendant Beta Fluid Systems Inc. ("Beta") was, and still is, a corporation formed and existing under the laws of the State of North Carolina, with a principal place of business at 1209 Freeway Drive, Reidsville, North Carolina 27320.

6. Upon information and belief, on or about October 30, 2014, Beta amended its Articles of Incorporation so as to change its name to BFSNC, Inc. ("BFSNC"), and duly filed Articles of Amendment accordingly in the Office of the North Carolina Secretary of State. As such, BFSNC is a corporation formed and existing under the laws of the State of North Carolina, with a principal place of business at 1209 Freeway Drive, Reidsville, North Carolina 27320.

7. Upon information and belief, Beta Fueling Systems, LLC ("Beta LLC") is a limited liability company duly organized under the laws of the State of Delaware and registered and doing business as a foreign corporation in the State of North Carolina with a place of business at 1209 Freeway Drive, Reidsville, North Carolina 27320. Its registered agent in North Carolina is United Corporate Services, Inc., 176 Mine Lake Court, Suite 100, Raleigh, North Carolina 27615.

8. Upon information and belief, BFSNC and Beta LLC are successors in interest to Beta, and have assumed all debt and liability of Beta.

9. Upon information and belief, Beta, BFSNC and Beta LLC ("Beta defendants") are united in interest. The Beta defendants have the same leadership team, the same personnel, the same assets, the same marketing plan and strategies, the same customers and constitute the same business, regardless of name and labelling.

10. The Beta defendants, both individually and collectively, are interested parties in this litigation for the reasons more fully detailed below.

11. This matter involves a controversy between citizens of different states, with an amount in controversy being in excess of $75,000.00, exclusive of interest and costs. Accordingly, this Court has jurisdiction pursuant to 28 USC § 1332(a).

12. Venue is proper under 28 USC § 1391(b)(2).

## Facts

13.     On or about February 18, 2011, the Corps issued solicitation no. M67854-11-R-5030 ("solicitation"), seeking proposals for a tactical fuel and water system and individual component parts. The Corps was seeking to award a firm fixed price contract that would span one (1) base year and four (4) option years with a $99,000,000.00 ceiling.

14.     The solicitation also advised potential contractors that they would be responsible for the procuring, packaging, and shipping of the specified water and fuel storage system, along with the component parts.

15.     The solicitation was to be a 100% small business set-aside, and any component parts that the Government would order would have to be supplied by small businesses.

16.     The date set for the initial proposals was March 18, 2011, which was later amended to April 15, 2011.

17.     The Corps was going to make a single award based upon a "best value" determination. In making the "best value" determination, the Corps would evaluate three factors: Past Performance, Technical Capabilities, and Price.

18.     The solicitation also instructed potential bidders to submit information regarding those three categories, and informed the offerors that the proposals would be rated in accordance with those categories. More specifically, past performance was more important than technical and price, and technical was more important than price. The Corps also required offerors to provide past performance information on "…at least 2 programs underway or completed during

4

the past 3 years as a Prime or Subcontractor, and 2 programs underway or completed during the past 3 years by its subcontractors similar in content and scope to what was being proposed by the Corps."

19.  One of the parts that the Corps wanted to procure was a fuel/water separator that in the past had only been supplied by Beta.

20.  On March 5, 2011, JGB solicited a quote from Beta for various parts. JGB also requested that Beta supply JGB with any past performance history as requested by the solicitation, so that JGB could use that information in its proposal to the government. JGB even supplied Beta with the relevant portions of the solicitation requesting such past performance history.

21.  Not only did Beta provide the quote, but on April 7, 2011, Beta supplied past performance information which included two (2) contracts/purchase orders for the parts then being solicited by the government. These contracts/purchase orders were issued to Beta as a small business.

22.  Beta was also registered in various government databases, self-certifying itself as a small business. At the time of Beta's submission to JGB, there existed a requirement that any firm bidding on a government contract was required to register in two government databases: Central Contractor Registration ("CCR") and Online Representations and Certifications Application ("ORCA"). In both of these databases, Beta self-certified that it was a small business. Additionally, pursuant to Federal Acquisition Regulation ("FAR") 4.1201, these registrations were required to be updated at least annually, "…to insure they are kept current, accurate, and complete."

23.     JGB forwarded Beta's past performance information to the government as part of its proposal, along with the applicable pricing information.

24.     On July 6, 2011, the Corps awarded contract no. M67854-11-D5030 to JGB to provide up to $99 million in water and fuel systems to the Corps. This contract included the initial one (1) year term, with 4 additional one (1) year renewals, for a total of five (5) years. Two (2) delivery orders were immediately issued after contract award. Delivery Order 0001 was in the amount of $42,521,776.00, and Delivery Order 0002 was in the amount of $4,657,341.00.

25.     JGB immediately started to fill those orders.

26.     JGB's performance was halted prematurely when other bidders challenged the award on the grounds that included the allegation that Beta was not a small business, but a large business, which violated the requirements of the solicitation and contracts.

27.     Subsequent to the filing of the protest, JGB again sought clarification from Beta as to its size. On or about August 30, 2011, Beta, through its CEO, represented to JGB that it was a small business.

28.     It was later discovered that Beta, without notice to JGB, had been acquired in 2006 by the McAleese Group of Australia ("McAleese"), a large business, prior to JGB's submission of the bid, thereby eliminating Beta's small business status. Despite the fact that Beta was bought out by a large business, it failed to update its registrations as of 2011 to reflect that it was no longer a small business.

29.     Because of the misrepresentations made by Beta concerning its small business status, the Corps reduced the outstanding order from JGB. Subsequently, the COFC issued a redacted opinion on February 22, 2012 (*GTA Containers, Inc., v. United States 103 Fed. Cl.*

6

*471*), ordering that the Corps not proceed any further on the subject contract and delivery orders, and that the Contracting Officer direct JGB to cease performance.

30. Beginning in the latter half of 2011 and continuing through October 2014, Beta became aware of its liability to JGB arising out of the instant knowing and intentional misrepresentations and related fraud.

31. Upon information and belief, beginning in the latter half of 2011 and continuing through October 2014, Beta and McAleese also became aware of their potential financial exposure to the United States government under the False Claims Act (31 USC §3729 and related provisions of law).

32. On or about June 10, 2014, JGB expressly demanded of Beta and McAleese compensation for the instant losses sustained by JGB due to Beta's fraud.

33. Beta LLC was duly formed in the State of Delaware on September 18, 2014, and thereafter was duly registered in the State of North Carolina as a foreign corporation on October 13, 2014, all as aforesaid. On or about October 30, 2014, Beta amended its Articles of Incorporation and renamed itself BFSNC, Inc. On or about October 31, 2014, McAleese transferred Beta to Alfons Haar Maschinenbau GmBH & Co. KG, of Germany ("Alfons Haar"); Alfons Haar created Beta LLC and placed Beta in its entirety into Beta LLC.

34. Collapsed, Beta and Beta LLC are one and the same entity, although successively owned by different parents, i.e., first McAleese and then Alfons Haar.

35. Upon information and belief, to the extent that the renaming of Beta to BFSNC, and the transfer of Beta ultimately to Beta LLC did not include the instant liability of Beta, then to that extent, such name change, transfers and labeling were done purposefully to avoid the

instant and related liability and, accordingly, constitute fraudulent conveyances to avoid creditors.

36.     In any event, with respect to the instant claim and liability, the Beta defendants are united in interest and/or are one and the same entity.

37.     JGB was damaged as a result of Beta's false representations by the loss of work and profit.

### Cause of Action – Fraud

38.     JGB repeats, re-alleges, and reiterates each and every allegation contained in paragraphs 1 through 37 as if set forth fully herein.

39.     JGB requested pricing and past performance information from Beta for a proposal that JGB was preparing for the Corps.

40.     Beta provided past performance information which included contracts or purchase orders that the government awarded to Beta as a small business. At that time, Beta had also *falsely certified* itself as a small business in a number of government databases that were publicly accessible, which violates applicable federal laws and False Claims Act statutes.

41.     Beta was well aware that JGB would be using the past information in its proposal to the government, and Beta was well aware that it had certified itself as a small business in government databases that were available for public review.

42.     Beta knew, or should have known, that the past performance information and its certifications in the government databases were false; at all times pertinent, Beta knowingly and

intentionally made those representations and certifications with the intention of deceiving the Plaintiff and the government.

43. JGB believed the representations and certifications to be true, and acted in reliance upon those representations by including the past performance information in its proposal to the Marine Corps.

44. JGB was awarded a contract approaching $99,000,000.00, and orders against that contract in the amount of $47,179,117.00, and immediately commenced work.

45. After contract award, a bidder filed a protest alleging that Beta was not a small business as required. Subsequently, JGB again asked Beta if it was a small business. Beta again knowingly and intentionally represented that it was a small business.

45. These representations turned out to be false, and as a result, the Corps reduced the size of the outstanding orders, and the COFC ordered injunctive relief and directed the cancellation of JGB's contract.

47. As a result of the foregoing, Beta and the other Beta defendants knowingly and intentionally defrauded JGB and damaged it accordingly.

48. JGB was damaged by the loss of a major contract potentially worth $99,000,000.00, and by the loss of $47,179,117.00 worth of orders, and otherwise suffered damages, both direct and consequential, including damage to reputation, and otherwise was damaged in the premises.

**WHEREFORE**, JGB respectfully demands judgment against the Beta defendants in the amount of $100,000,000.00 and for such other and further relief which to the Court is just and proper including interest and attorneys' fees as may be recoverable at law.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ.P. 38, JGB hereby demands a trial by jury in this action on all claims and issues triable before a jury.

Dated: November 26, 2014

s/RAYMOND M. SCHLATHER, ESQ.
Bar Roll No. 501364
Attorney for Plaintiff
SCHLATHER, STUMBAR, PARKS & SALK, LLP
200 East Buffalo Street
P.O. Box 353
Ithaca, New York 14851-0353
Telephone: (607) 273-2202
Fax: (607) 273-4436
E-mail: ray@ithacalaw.com